SHEDD, Circuit Judge, dissenting: The majority holds that Lacresha Slappy’s sentence is plainly procedurally unreasonable for two reasons: the district court failed to address Slappy’s arguments in favor of a within-range sentence and failed to explain why the maximum sentence was necessary. Because I disagree with both conclusions, I would affirm.[1] I. The district court has broad discretion to impose a term of imprisonment for violation of supervised release up to the statutory maximum, and we may only reverse a supervised release revocation sentence if we find the sentence to be “plainly unreasonable.” United States v. Crudup, 461 F.3d 433, 438, 439 (4th Cir. 2006).[2] In determining whether a revocation sentence is plainly unreasonable, we must first decide whether the sentence is unreasonable at all. Id. at 438. While we generally follow the considerations that we employ in our review of original sentences, we make necessary modifications to take into account the unique nature of revocation sentences. Id. at 438-39. For example, “a court’s statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant’s supervised release term need not be as specific as has been required when courts departed from guidelines.” Id. at 439. To be procedurally reasonable, the district court must “provide a sufficient explanation so that we may effectively review the reasonableness of the sentence.” United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007). Further, the “explanation should also provide us an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant before him, and also considered any potentially meritorious arguments raised by the parties with regard to sentencing.” Id. Only if we find a revocation sentence to be unreasonable do we proceed to the second prong of our review to determine if the sentence is plainly unreasonable. In this context, “plain is synonymous with clear or, equivalent, obvious,” Crudup, 461 F.3d at 439, and a sentence may be plainly unreasonable if it runs afoul of “clearly settled law.” United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010). A. The first question that must be answered is whether the revocation sentence is procedurally unreasonable. The majority finds that the district court committed a procedural error by failing to address Slappy’s arguments-which the majority labels as nonfrivolous-in favor of a sentence within the policy statement range and by failing to explaih why it rejected those arguments. To support this finding, the majority applies United States v. Carter, 564 F.3d 325 (4th Cir. 2009), a case dealing with original sentences which makes clear that a court must explain why it rejects nonfrivolous arguments. While cases dealing with original sentences are instructive, Crudup, 461 F.3d at 438-39, the majority fails to cite any binding circuit precedent that requires a district court to address every nonfrivolous argument made in favor of a within-policy-range revocation sentence. To the contrary, we have only held that the sentencing court’s explanation should provide an “assurance that [it] ... considered any potentially meritorious arguments.” Moulden, 478 F.3d at 657 (emphasis added).[3] Here, such assurance is present. When imposing the sentence, the district court specifically mentioned that it considered “the relevant factors listed in § 3553(a).” Of course, one of those factors is “the history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1). Slappy’s arguments for a lower sentence related to her history and characteristics, i.e, her employment history, her efforts at rehabilitation, and her community service. Moreover, although not part of the court’s explanation, the court provided Slappy and her counsel with multiple opportunities to be heard. See United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006) (“[I]n determining whether there has been an adequate explanation, we do not evaluate a court’s sentencing statements in a vacuum. The context surrounding a district court’s explanation may imbue it with enough content for us to evaluate” the reasonableness of the sentence.). Thus, by considering the relevant § 3553(a) factors, hearing arguments from Slappy’s counsel, and listening to Slappy’s pleas, the district court provided adequate assurances that it considered Slappy’s potentially meritorious arguments for a lower sentence. The majority also concludes that the district court procedurally erred by failing to explain why it imposed the statutory maximum sentence. To this point, the majority draws the conclusion that “it is not clear [from the record] that the court even considered the relevant advisory range.” Ante 209. While the court did not affirmatively state the advisory range, it was certainly aware of the range, as the parties stated it on three separate occasions during the revocation hearing and the Supervised Release Violation Worksheet clearly states it. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995) (“The fact that the district court did not mention the ... range provided by the policy statement is not dispositive. A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if ... the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court’s ultimate ruling.”). Additionally, the district court adequately explained why it departed from the Chapter Seven policy statement range and imposed the statutory maximum sentence. Specifically, the court noted Slappy’s history and characteristics, the need to protect the public, and the need to provide deterrence. In doing so, the court referenced individualized attributes of Slappy, including her submission of four positive drug screens, her failure to participate in a urinalysis as directed, her incurrence of new criminal charges, and her history of absconding from supervision. See Gall v. United States, 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) (requiring an “individualized assessment” based on the facts of the case before-the court). The court also affirmatively stated that it considered the Chapter Seven policy statements and the relevant factors contained in § 3553(a). Finally, as evidenced by the context and record, see Rita v. United States, 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), the sentence reflects the court’s desire to sanction Slappy’s breach of trust in accordance with the Chapter Seven policy statements. U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2015). Therefore, I believe the court adequately explained why the statutory maximum sentence was necessary and provided a sufficient explanation to allow for meaningful appellate review. Importantly, the district court’s statement of reasons for departing from the Chapter Seven policy statement range “need not be as specific as has been required for departing from a traditional guidelines range.” Moulden, 478 F.3d at 657. The majority appears to elevate this standard, seemingly requiring district courts to be as specific in revocation sentences as they are required to be in original sentencing. Additionally, the majority requires of the district court just what we have previously counseled against, to robotically recite the policy statement range and then tick through the § 3553(a) factors to justify a differing sentence. See id. This approach flies in the face of our precedent and improperly elevates a Chapter Seven policy statement range to be the equivalent of a guidelines range. See Crudup, 461 F.3d at 439 n.9. B. Even assuming arguendo that the sentence is proeedurally unreasonable, it is not plainly so. The majority finds that the district court violated clearly settled law by failing to mention Slappy’s arguments and by failing to provide any explanation for the sentence imposed. As previously noted, our precedent does not require a sentencing- court to specifically mention and address a defendant’s arguments during a revocation sentence; we have only mandated that the sentencing court provide assurances that the arguments were considered. See Moulden, 478 F.3d at 657. The district court could not have violated clearly settled law when the majority is imposing a standard here in the first instance. Additionally, the district court did provide an explanation for its sentence by specifically referring to the § 3553(a) factors and addressing individualized attributes of Slappy. Thus, even if unreasonable, neither alleged procedural error rises to the level of plainly unreasonable. II. The majority misapplies the standards for reviewing a revocation sentence, and the revocation sentence is not plainly unreasonable. Therefore, I dissent. . While I believe the revocation sentence is also substantively reasonable, I do not address this issue because the majority has not ruled on substantive reasonableness. . I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted. . Moreover, because a district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence,” Thompson, 595 F.3d at 547, it reasonably follows that a court need not be as detailed when addressing and/or rejecting nonfrivolous arguments when imposing a revocation sentence as it must be when imposing an original sentence.